# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | |
|---|---|---|
| **DIANNA RODRIGUEZ** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 7:17-cv-41 |
| | § | |
| **GOLD STAR MOTEL CHAIN, LLC,** | § | JURY DEMANDED |
| **d/b/a SUPER 8 MOTEL** | § | |
| and | § | |
| **HARJEET SINGH, Individually** | § | |
| | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff DIANNA RODRIGUEZ, by and through her undersigned attorney of record, and sues GOLD STAR MOTEL CHAIN, LLC, d/b/a SUPER 8 MOTEL, and HARJEET SINGH, Individually (hereinafter collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for unpaid minimum wage, unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for each hour worked at an hourly rate no less than minimum wage and for overtime hours worked in excess of forty hours per week at a rate of one and one-half times her regular rate of pay.

## II. PARTIES

3. Plaintiff is an individual residing in Hidalgo County, Texas.

4. Defendant GOLD STAR MOTEL CHAIN, LLC, d/b/a SUPER 8 MOTEL is a domestic limited liability company doing business in the State of Texas and maintains its principal office in Weslaco, Texas. Defendant can be served with process by serving its registered agent for service of process, Mr. Harjeet Singh, 1702 E. Expressway 83, Weslaco, Texas 78596.

5. HARJEET SINGH is an individual residing in Texas and may be served with process at 1702 E. Expressway 83, Weslaco, Texas 78596.

### III. JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

7. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV. COVERAGE

8. At all times pertinent to this Complaint, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

9. At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V. FACTUAL ALLEGATIONS

13. HARJEET SINGH is an individual who is an owner and director of GOLD STAR MOTEL CHAIN, LLC, d/b/a SUPER 8 MOTEL.

14. As an owner and director of GOLD STAR MOTEL CHAIN, LLC, d/b/a SUPER 8 MOTEL, HARJEET SINGH independently exercised control over the work situation of Plaintiff.

15. HARJEET SINGH determined the wages to be paid to Plaintiff.

16. HARJEET SINGH determined the work to be performed by Plaintiff.

17. HARJEET SINGH maintained the employment records of Plaintiff.

18. HARJEET SINGH maintained the power to discipline Plaintiff.

19. HARJEET SINGH maintained the power to hire and fire Plaintiff.

20. HARJEET SINGH maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiff.

21. At all times pertinent to this Complaint, Plaintiff was employed jointly by Defendants.

22. Plaintiff was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

23. Plaintiff worked for Defendants from approximately September 2015 to January 2017 as a receptionist.

24. Plaintiff was a nonexempt employee.

25. From approximately September 2015 until approximately September 2016, Plaintiff received a salary of $320 per week.

26. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

27. From approximately September 2015 until approximately September 2016 Plaintiff worked approximately 60 hours each week.

28. Defendants were aware that Plaintiff regularly worked in excess of forty (40) hours per workweek.

29. Based upon hours worked and amounts paid, Defendants failed to pay Plaintiff minimum wages for all hours worked.

30. Failure to pay minimum wages was and is in violation of the FLSA. Defendants willfully violated Plaintiff's rights under the FLSA.

31. During each week of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

32. Failure to pay overtime compensation was and is in violation of the FLSA. Defendants willfully violated Plaintiff's rights under the FLSA.

33. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern of failing to pay minimum wage and overtime compensation with respect to Plaintiff.

34. Defendants were aware of their legal obligation to pay minimum wage and overtime compensation and failed to do so.

## VI. CAUSES OF ACTION: VIOLATIONS OF FLSA

35. The acts described in the preceding paragraphs violate the FLSA, which requires payment of minimum wage and prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

36. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages and overtime compensation which were not paid and which should have been paid.

37. Defendants' conduct as described herein was not taken in good faith and with reasonable grounds to believe such conduct comported with the FLSA or interpretations thereof. Therefore, Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid minimum wages and unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

38. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## VII. RELIEF SOUGHT

39. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

a. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

b. The Court award damages to Plaintiff as specified above;

c. The Court award reasonable and necessary attorney's fees and costs; and

d. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted:

By: */s/ David G. Langenfeld*
      **David G. Langenfeld**
      Attorney-in-Charge
      State Bar No. 11911325
      Fed. ID No. 15878
      LEICHTER LAW FIRM
      1602 East 7th Street
      Austin, TX 78702
      Tel.: (512) 495-9995
      Fax: (512) 482-0164
      Email: david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**